STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, SS.                           CIVIL ACTION
                                        DOCKET NO-AP-21-12


RICHARD P. MARTIN,
      Petitioner
                                        **DECISION AND ORDER**
      V.

MAINE PLUMBERS'
EXAMINING BOARD,
      Respondent


## INTRODUCTION

Richard P. Martin (Martin), a master plumber, has appealed from a Decision and Order dated March 8, 2021, from the Maine Plumbers' Examining Board (Board) that imposed discipline against him after finding that he had violated the Maine Plumbing Code, had demonstrated incompetence in the practice of plumbing and had violated the standards of practice as a plumber. The appeal has been filed pursuant to 5 M.R.S. §§ 11001-11002 (Maine Administrative Procedure Act) and M.R.Civ.P. 80C.

Martin contends that the Board committed error requiring reversal of its Decision and Order because: (1) the Notice of Hearing provided to him violated his Due Process rights by failing to adequately notify him that he was alleged to have been incompetent or to have violated the standards of practice expected of a plumber; (2) no expert testimony was presented to establish his incompetence or violation of the standards of practice, and; (3) the Board considered uncharged and unadjudicated conduct, and facts not in evidence,

when it imposed sanctions against him, and failed to adequately explain why it imposed those sanctions.

## FACTUAL AND PROCEDURAL BACKGROUND

Following an adjudicatory hearing held on December 14, 2020, the Board voted to find that Martin had committed 8 violations of the Maine Plumbing Code, and further found, based on those violations, that Martin had demonstrated incompetence in the plumbing profession and had violated the standards of practice within that profession, in connection with his work on a project in Harrison in the Fall of 2019. The Board voted to impose discipline on the 8 Plumbing Code violations only, which discipline consisted of the following: (1) a civil penalty of $1,000 per violation, for a total civil penalty of $8,000; (2) suspension of Martin's Master Plumber's license for 1 month per violation, for a total suspension of 8 months, and; (3) probation for 2 months per violation for a total probationary period of 16 months, subject to the condition that he submit copies of all permits obtained by him to the Board's designee within 24 hours. (R. at 6).

The Notice of Hearing provided to Mr. Martin set forth the eight specific provisions of the Plumbing Code he was alleged to have violated, and further stated that those alleged "violations . . . constitute incompetence," and "a violation of standards of practice." (R. at 9). In response to the complaint filed against him by the Senior Plumbing Inspector, and at the adjudicatory hearing held on December 14, 2020, Mr. Martin did not dispute and, in fact, acknowledged that he was responsible for violating the Plumbing Code as alleged.

During the hearing, it was revealed by Mr. Martin that the two workers he assigned to the job in question were unlicensed and that he had not always supervised them during their work on the project. No expert testimony was

2

presented, but the specific provisions of the Plumbing Code alleged to have been violated by Mr. Martin were admitted into evidence without objection. (R. at 36, Exhibit 6).

During her closing argument before the Board, the Assistant Attorney General presenting the case in support of the complaint maintained that the evidence showed that Mr. Martin had violated multiple provisions of the Plumbing Code which, it was asserted, demonstrated incompetence on his part and that he had violated the standards of practice for a plumber. (R. at 67 et seq.). Moreover, referring to the information disclosed by Mr. Martin during his testimony that he had used unlicensed and unsupervised workers at the job site, the Assistant Attorney General argued that the Board should find Mr. Martin responsible and sanction him accordingly. (Id.).

Martin, through counsel, objected and moved for dismissal of the complaint. (R. at 68). With respect to any argument that Martin was incompetent or had violated the standards of practice, the hearing officer allowed the AAG to continue with her argument after ruling that those two allegations were contained in the Notice of Hearing.[1] (R. at 67-68). Regarding any reference to Martin's use of unlicensed works who were not properly supervised, the hearing officer ruled that such evidence was admissible for consideration by the Board, but it could not be used as a new and separate allegation of misconduct.

At the close of all the evidence, the three Board members began their deliberations. At various point, some members strayed from the liability

---

[1] It is true that the hearing officer was initially unsure as to whether those allegations were part of the Notice of Hearing, but after reviewing the notice, she ruled that they were. (R.at 67-68).

3

phase into the sanctions phase of their deliberations.[2] Whenever that happened, however, the hearing officer promptly redirected the Board members and provided them with appropriate limiting instructions. (R. at 70-74).

After the Board had voted to find that Martin had committed the eight specific violations of the Plumbing Code, and that he had thereby acted in an incompetent manner and in violation of the standards of practice for a plumber, the hearing officer advised the Board that, for purposes of imposing sanctions, the Board should limit itself to the eight Plumbing Code violations so as not to "double count" the violations. (R. at 73). The Board followed that advice and imposed discipline against Mr. Martin for the eight Plumbing Code violations only.

## STANDARD OF REVIEW

The Law Court has frequently reaffirmed the principle that judicial review of administrative agency decisions is "deferential and limited." *Passadumkeag Mountain Friends v. Bd. Of Envtl. Prot.*, 2014 ME 116, ¶ 12, 102 A.3d 1181 (quoting *Friends of Lincoln Lakes v. Bd. Of Envtl. Prot.*, 2010 ME 18, ¶ 12, 989 A.2d 1128). The court is not permitted to overturn an agency's decision "unless it: violates the Constitution or statutes; exceeds the agency's authority; is procedurally unlawful; is arbitrary or capricious; constitutes an abuse of discretion; is affected by bias or error of law; or is unsupported by the evidence in the record." *Kroger v Departmental of Environmental Protection*, 2005 ME. 50, ¶ 7, 870 A.2d 566. The party seeking

---

[2] This may be explained, at least in part, by the fact that a copy of Mr. Martin's prior discipline by the Board in 2006 was admitted into evidence as part of the prosecution's case-in-chief, for the purpose of supporting the allegation of incompetence and as being relevant on the issue of sanctions, in the event the Board got to that issue. (R. at 63 and 44, 48-49: Exhibits 7 & 9).

4

to vacate a state agency decision has the burden of persuasion on appeal. *Anderson v Maine Public Employees Retirement System,* 2009 ME. 134, ¶ 3, 985 A.2d 501. A party seeking to overturn an agency's decision bears the burden of showing that "no competent evidence" supports it. *Stein v. Me. Crim. Justice Academy,* 2014 ME 82, ¶ 11, 95 A.3d 612.

## DISCUSSION

### A. Did the Petitioner Receive Fair Notice?

Martin complains that he did not receive constitutionally adequate notice that he was being accused of incompetence and violating the standards of practice for plumbers. The court does not find this argument persuasive.

The Notice of Hearing sent to Martin specifically cited 10 M.R.S. § 8003(5-A)(A)(2), which states in pertinent part that the Board may impose discipline for "incompetence . . . or violation of any applicable . . . standards of practice while engaged in the occupation or profession for which the person is licensed." The notice expressly informed Martin that he was alleged to have violated the Plumbing Code. Moreover, the specific provisions of the Plumbing Code alleged to have been violated by Martin were expressly identified for him, with accompanying rule citations. Finally, the notice clearly stated that the violations of the Plumbing Code set forth in the notice constituted "incompetence" and "a violation of the standards of practice." (R. at 9).

While Martin's counsel claimed that he was unaware that allegations of incompetence and practice standards violations were included in the Notice of Hearing, and although the hearing officer herself initially failed to realize that as well, the fact is that the Notice of Hearing did, indeed, make those allegations. Martin has failed to show what more the Notice of Hearing should

5

have contained. Moreover, as pointed out by the Board, Martin was not separately discipline for incompetence or the practice standards violation.

## B. The Lack of Expert Testimony

Martin asserts that the Board was required to hear expert testimony on the issue of incompetence and the standards of practice. The court also finds this argument unconvincing.

The specific provisions of the Plumbing Code alleged to have been violated by Martin were introduced into evidence. As was the case in *Seider v. Board of Exam'rs of Psychologists*, 2000 ME 118, ¶ 23, 754 A.2d 986, numerous violations of the code applicable to one's profession or occupation constitute a violation of the standards of practice and may be negligence or incompetence. Similarly, the members of the Board were knowledgeable in the provisions of the Plumbing Code. Furthermore, Martin himself admitted that he was responsible for the numerous violations of the Plumbing Code on this project. No expert testimony was required. *See also Narowetz v. Board of Dental Practice*, 2021 ME 46 ¶ 22, n. 9.

## C. The Sanctions

As an initial matter, Martin contends that the Board improperly considered "uncharged and unadjudicated conduct" in deciding the sanctions to impose upon him. In support of this claim, Martin cites to the comments of a Board member during deliberations that referred to a "previous consent agreement." (R. at 74). Martin fails to explain, however, why this was improper. There was, in fact, a prior disciplinary matter involving Martin that

6

was resolved by agreement in 2006.[3] The 2006 disciplinary matter was part of the evidence in this case and could be considered by the Board.

Martin also complains that Board members considered the evidence that the violations occurred in the context of his failure to fully supervise his unlicensed workers. But Martin has failed to demonstrate why this was improper. Evidence that Martin had not always supervised the unlicensed workers came through the testimony of Martin himself and was admissible to explain the context and circumstances of how the violations of the Plumbing Code at this job site may have occurred. The court sees nothing wrong with the Board's consideration of such evidence. The Board did not impose discipline for the uncharged conduct of failure to supervise unlicensed workers. Rather, that evidence informed the Board's understanding of the circumstances of the violations alleged in the Notice of Hearing.

Finally, Martin asserts that the Board did not adequately explain its reasons for imposing the specific sanctions against him. *See Palian v. HHS*, 2020 ME 131, ¶¶ 43-47, 242 A.3d 164; *Zegel v. Bd. Of Soc. Worker Licensure*, 2004 ME 31, ¶ 24, 843 A.2d 18.

The Law Court has emphasized how necessary and important it is for agencies to articulate the findings and reasons for their decisions, so that proper and meaningful judicial review may take place in accordance with the Maine Administrative Procedure Act. *See, e.g., Narowetz v. Board of Dental Examiners*, 2021 ME 46, ¶¶ 16-22, ____ A.3d ____; *Lamarre v. Town of China*, 2021 ME 45, ¶ 16, ____ A.3d ____; *Fair Elections Portland, Inc. v. City of Portland*, 2021 ME 32, ¶¶ 36-38, 252 A.3d 504.

---

[3] The Board's Decision and Order mistakenly refers to the prior disciplinary matter as having occurred in 2016. (R. at 4). The court is satisfied that this was a typographical error.

7

In this case, the Board imposed substantial sanctions upon Martin, who has been engaged as a plumber for 38 years, with a master plumber's license for 32 of those years. Those sanctions included a significant total civil penalty, license suspension and period of probation. While the court might be able to surmise why the Board chose to impose the sanctions it did, based on the statements made by the Board members during deliberations, the court's speculation or rationalization is no substitute for the Board's articulated reasons as stated in its final decision. *See Narowetz, supra,* 2021 ME 46, ¶ 20, n.8. As stated in *Zegel,* "[t]he Board's decision . . . fails to explain why it decided to impose the sanctions it chose," and the court "may not hypothesize about the Board's reasoning." 2004 ME 31, ¶ 24.

The Board's Decision and Order made specific findings of fact supporting why it found that Martin had violated the Plumbing Code, had been incompetent and had violated the standards of practice for a plumber. It does not sufficiently explain, however, why the Board chose to impose the sanctions it did on him.[4]

The entry is:

The Board's imposition of a civil penalty of $8,000 (total), an 8-month license suspension (total) and a 16-month period of probation (total) is vacated, and the matter is remanded to the Board for further proceedings consistent with this Decision. In all other respects, the Decision and Order of the Board is affirmed.

The clerk is directed to incorporate this Order into the docket of this case by notation reference in accordance with M.R.Civ.P. 79(a).

---

[4] In an Order dated September 30, 2021, the court denied Martin's request for a stay of the sanctions. Although the court had the Administrative Record before it when it issued that Order, it has since engaged in a more in-depth consideration of this issue and determines that vacation of the sanctions and a remand to the Board is necessary.

Dated: October 4, 2021

William R. Stokes
Justice, Superior Court

Entered on the docket 9/4/2021

9

Action: 80C

Richard Martin        vs        Maine Plumbers Examining Board

| Plaintiff's Attorney | Defendant's Attorney |
| --- | --- |
| Janna Gau, Esq<br>Ryan Dumais, Esq<br>Eaton Peabody<br>PO Box 1210<br>Bangor, ME 04402-1210 | Elizabeth Stivers, AAG<br>6 State House Station<br>Augusta, ME 04333 |

Date of Entry

| | |
| --- | --- |
| 04/20/21 | Petition For Review of Final Agency Action Pursuant to Maine Rules of Civil Procedure Rule 80C, filed (04/15/21). s/Martin, Esq. |
| 04/29/21 | Entry of Appearance and Statement of Position, filed (4/26/21). s/Stivers, AAG |
| 05/18/21 | Administrative Record, filed (5/13/21). s/Stivers, AAG |
| 05/18/21 | Notice & Briefing Schedule issued<br>Copy to parties/counsel |
| 06/29/21 | Petitioner's Combined Motion for Stay of Sanctions and to Take Judicial Notice of Date of Prior Discipline relative to the above matter, filed (6/17/21). s/Gau, Esq. |
| 06/30/21 | Petitioner's Brief, filed (6/25/21). s/Gau, Esq. |
| 07/07/21 | Respondent's Objection to Motion to Stay, filed (6/30/21). s/Stivers, AAG |
| 07/26/21 | Respondent's Brief, filed (7/23/21). s/Stivers, AAG |
| 08/16/21 | Petitioner's Reply to Respondent's Opposition to Petition for Review of Final Agency Action, filed (8/11/21). s/Gau, AAG |
| 09/30/21 | ORDER ON MOTION TO STAY, Stokes, J.<br>Petitioner's Combined Motion for Stay of Sanctions and to Take Judicial Notice of Date of Prior Discipline |
| 10/04/21 | DECISION AND ORDER, Stokes, J.<br>The Boards imposition of a civil penalty of $8000 (total), an 8 month license suspension (total) and a 16-month period of probation (total) is vacated, and the matter is remanded to the Board for further proceedings consistent with this decision. In all other respects, the Decision and Order of the Board is AFFIRMED.<br>Copy to counsel/parties and repositories |
| 10/04/21 | Case closed |